UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-80136-RLR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **PURSUANT TO PENDING** |
| BRIAN MATTHEW SIGOUIN, ) | **PROTECTIVE ORDER TO BEING ISSUED** |
| ) | |
| Defendant. ) | |
| _____) | |

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

So as to comply with the Court's discovery order entered on August 15, 2019 (DE 9), this response is being filed, however, it is filed pending a protective order. The undersigned has provided the protective order to the defense for review, and is awaiting signature from the same. The protective order will then be remitted to the Court so the Court can issue the same.

- A.  2.  The government is aware of any relevant oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial. They are included in this discovery filing as two digital audio interviews

    Attached is the portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

- 3.  No defendant testified before the Grand Jury.

- 4.  The defendant's prior criminal record is attached.

5. Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 500 A. Australian Ave., West Palm Beach, Florida, Suite 400. Please call the undersigned within 48 hours if you intent to review the evidence to set up a date and time that is convenient to both parties. These items include four (4) digital devices listed in the included inventory list.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible

rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. Specifically, the government may introduce evidence of the underlying investigation that allowed the defendant to receive child pornography.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment, except for the child pornography discovered on the seized digital devices.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

      The attachments to this response are included on a DVD that includes a PDF document with bates numbered pages <u>0001 - 0845,</u> and two audio recordings. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                                            Respectfully submitted,

                                            ARIANA FAJARDO ORSHAN
                                            UNITED STATES ATTORNEY

                    By:    <u>s/*Gregory Schiller*</u>
                            Gregory Schiller
                            Assistant United States Attorney
                            Florida Bar No.
                            500 S. Australian Ave., Suite 400
                            West Palm Beach, FL 33401
                            Tel: (561) 209-1045
                            Email: gregory.schiller@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

      *s/Gregory Schiller*
      Gregory Schiller
      Assistant United States Attorney

**SERVICE LIST**
United States v. BRIAN MATTHEW SIGOUIN
Case No. 19-CR-80136-RLR
United States District Court
Southern District of Florida

| Party | Counsel |
|---|---|
| Plaintiff:<br>United States | Gregory Schiller<br>Assistant United States Attorney<br>500 S. Australian Ave., Suite 400<br>West Palm Beach, FL 33401<br>Email: gregory.schiller@usdoj.gov<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant:<br>BRIAN MATTHEW SIGOUIN | Ashley Kay<br>500 SW 3rd Ave.<br>Ft. Lauderdale, FL 33315<br>ashleydkay@gmail.com<br>**via Notice of Electronic Filing generated by CM/ECF** |