**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 19-CR-80136-RLR**

**UNITED STATES OF AMERICA**

**v.**

**BRIAN MATTHEW SIGOUIN,**
         **Defendant.**

                                     /

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENT DUE TO LACK OF VOLUNTARINESS AND LACK OF INTELLIGENT AND KNOWING WAIVER OF RIGHTS**

Now comes the United States of America, by and through its undersigned Assistant United States Attorney, and files its response in opposition to Defendant Brian Matthew Sigouin's Motion to Suppress Statement Due to Lack of Voluntariness and Lack of Intelligent and Knowing Waiver of Rights (DE 32).

Defendant Sigouin appears to seek the suppression of his statements to Federal Bureau of Investigation ("FBI") agents following an execution of a search warrant at his residence on May 17, 2019 on the grounds that he was in custody and the agents violated his *Miranda* rights, and that his waiver of *Miranda* rights was not knowingly, intelligently or voluntarily made. Defendant Brian Sigouin's claims are meritless. As discussed in more detail below, several of the defendant's claims are duplicative from previous filings and should be stricken; the defendant's claim that he was in custody is false; and, that he was under the influence of prescription medication or a lack thereof, did not invalidate his lawfully obtained statement by the FBI.

**FACTUAL AND PROCEDURAL HISTORY**

By way of reference, the procedural history of this case and the facts surrounding the defendant's interviews were all previously detailed in the government's response (DE 27:1-5) to the defendant's first motion to suppress statements (DE 21).  The government incorporates by reference those previously filed facts and history herein.

Additionally, at the time of the interview, Defendant Brian Sigouin, a 33-year-old American-born citizen, did not appear confused, under the influence of medication, or generally unable to understand the warnings given.  This is no more evident than by listening to the recorded interviews (*see* DE 27: Exhibits 1, 2).  At no time did the defendant complain of back pain, the need for medication, or being affected by the taking of medication as alleged in his motion.  Further, at no time, did Defendant Brian Sigouin halt the interview or refuse to answer questions due to any medical condition.

The defendant, however, now moves to suppress his post-*Miranda* statements to FBI agents, claiming he was in custody; and the waiver and subsequent statements were involuntarily made as a result of being under the influence of prescribed medications to alleviate back pain and pain from a recent spinal surgery (DE 32, ¶¶6-7); and he was on "other" prescribed medications (DE 32, ¶8). First, as previously discussed in the government's response to defendant's motion to suppress statements (DE 27), the defendant was not in custody and therefore could not avail himself of his *Miranda* rights.  Second, if his interviews were considered custodian interrogations, because the defendant was advised of his constitutional rights prior to questioning and voluntarily waived those rights prior to making admission relative to his possession of child pornography, Defendant Brian Sigouin's motion should be denied.

**ARGUMENT**

1. <u>The Defendant Was Not In Custody To Avail Himself Of His *Miranda* Rights</u>

The defendant asserts that he was in custody for the purposes of his interview by the FBI on May 17, 2018. It should be noted this motion is now made only after the government's response to the defendant's previous motion to suppress in which he asserted that his *Miranda* rights were violated (*see* DE 27). *Miranda v. Arizona*, 384 U.S. 436 (1966), and its progeny. In that response, the government began by asserting that *Miranda* was not necessary because the defendant was not in custody. The defendant filed a lengthy reply to the government's response, in which he argued that he was in custody (DE 31:1-6). Now, here again, he alleges that he was in custody, citing the same facts. Thus, this Court should strike defendant's motion (DE 32) as it relates to his alleged custody as duplicative.

Moreover, for the reasons outlined previously, the defendant was not in custody and therefore could not avail himself of *Miranda* rights. Since those rights were not applicable, regardless of the reading of the same by the FBI, invocation of the right to remain silent or counsel could not be violated by law enforcement. *See* DE 27:6-11.

2. <u>The Defendant Did Not Properly Invoke His Miranda Rights During Questioning</u>

The defendant attempts to re-argue, essentially for the third time (first his motion (DE 21), then his reply (DE 31), now this motion), that he made equivocal requests to invoke his rights, which were ignored (DE 32, ¶17). As the defendant has already moved to suppress this issue, the government would again move to strike the argument from the defendant's motion (DE 32) as duplicative.

The government explained, in great detail, why none of the defendant's statements during

any of his interviews amounted to an unequivocal invocation of his right to remain silent and demand for counsel (*see* DE 27:12-16).

3. <u>The Defendant Did Not Involuntarily Waive Miranda Rights Due To Being Under The Influence of Prescription Medication</u>

In his motion, Defendant Brian Sigouin appears to argue that the waiver of *Miranda* rights was somehow not valid because his mental state was allegedly affected by back pain prescription medication and/or back pain.  DE 32.  He avers that his statements to the FBI "were not the 'product of a rational intellect and free will'" (DE 32, ¶14 (*citations omitted*)), and he could not have "knowingly and intelligently" waived his *Miranda* rights (DE 32, ¶15).  The defendant misses the point.  Even if in fact he had taken prescription medication prior to the interview or experienced back pain at the time of the interview, or was somehow suffering from his failure to take the same, his waiver (and subsequent statements) were not involuntary *absent police coercion*.  There is no evidence of coercion in this case.

The defendant asserts in the last paragraph of his motion "that an expert would testify at a hearing that the combination of the direct effects of the prescription medications; the side effects of the medications; and the Defendant's level of pain would prevent a knowing and intelligent waiver of rights and would compromise the voluntariness of the Defendant's statements."  Now, two weeks since the filing of his motion, the government and the Court are unaware of what this is.

Nowhere does the defendant mention the name of this "expert," provide a curriculum vitae, a statement that the "expert" has or has not examined the defendant, the "expert's" report of findings, or any other such material that would provide evidence or support for this motion.  There

have been no medical records provided in discovery regarding the defendant's medication intake. It would seem that in order for all parties and the Court to be adequately advised prior to the hearing, and for the government to properly respond, an expert witness would provide an affidavit to the Court asserting the amount of each narcotic prescribed to the defendant, the amount or lack thereof of each narcotic the defendant took within a period of time prior to the interview, that each narcotic whether alone or together had or did not have an effect on the defendant's ability to waive his *Miranda* rights, and the specific effects of each narcotic whether alone or together on the defendant's ability to waive his *Miranda* rights.

Moreover, contrary to the defendant's suggestion, a defendant can voluntarily waive his *Miranda* rights even if he is in pain or on medication. *See United States v. Rush*, 144 Fed. Appx. 13, 15-16 (11th Cir. 2005) (unpublished) (*Miranda* waiver valid even if defendant in hospital after experiencing chest pain); *United States v. Barbour*, 70 F.3d 580, 585-86 (11th Cir. 1995) (defendant's severe depression and use of prescription medication did not render *Miranda* waiver involuntary); *Atkins v. Singletary*, 965 F.2d 952, 962 (11th Cir. 1992) (rejecting defendant's argument that "his mental impairment[,] . . . his alcohol and drug consumption [and late-night questioning] prevented a voluntary and knowing waiver of his *Miranda* rights"); *United States v. Harrold*, 679 F.Supp.2d 1336, 1350-51 (N.D. Ga. 2009) (*Miranda* waiver valid even if defendant informed agents she was diabetic because at no time did she indicate her mental state was impaired as a result of her diabetes, request medical attention, or stop the interview); *United States v. Kellogg*, No. 07-15807, 2009 WL 323063, at *1 (11th Cir. Feb. 10, 2009) (where the agent testified that the defendant did not appear intoxicated, or mention that he had taken Xanax, his signed *Miranda* waiver was valid and denial of the defendant's motion to suppress was proper); United States v. Jackson, No. 08-80073-CR, 2008 WL 5155656, at *5 (S.D. Fla. Dec. 5, 2008) (United

States Magistrate Judge Vitunac ruled that the defendant's statements to the detective were not in violation of *Miranda* where the defendant, "was alert in prior conversations with medical staff, was clear and responsive during the interview, made no attempts to stop the interview or otherwise ask for pain medication during the interview, did not appear visibly impaired or in discomfort, and provided a detailed and accurate account of events consistent with the known facts of this case"). Other Circuits have consistently agreed on this issue. *See, e.g., United States v. Brown*, 388 Fed. Appx. 455, 458 (5th Cir. 2010) (unpublished) (waiver valid even if defendant was in pain during interview); *United States v. Burson*, 531 F.3d 1254, 1258-61 (10th Cir. 2008) (defendant's drug use on day of interview and exhaustion at time of interview did not result in involuntary *Miranda* waiver); *United States v. Annis*, 446 F.3d 852, 856 (8th Cir. 2006) (waiver valid where no evidence defendant's will was overborne as a result of pain from injuries combined with meth withdrawal); *United States v. George*, 987 F.2d 1428, 1430 (9th Cir. 1993) ("a defendant can voluntarily waive his *Miranda* rights even when he is in the hospital, on medication, and in pain"); *United States v. Yunis*, 859 F.2d 953, 962-67 (D.C. Cir. 1988) (defendant's seasickness and otherwise uncomfortable surroundings at time of interview did not render waiver involuntary absent evidence of intimidation, coercion or deception, and where defendant was aware and alert at time he waived his rights). There is nothing from the defendant's interviews or provided by the defendant via his motion to suppress (DE 32) that would necessitate this Court ruling differently to Eleventh Circuit opinion on the issue. During the interviews, he is lucid, thoughtful, and intelligent. He does not ask for medication or show any signs that he is suffering from the effects of medication. He reinitiates two interviews with the agents and each time sounds articulate, coherent, and logical; he does not sounds sleepy or lethargic, and is not slurring his words. In other words, the defendant's statements were a "product of rational intellect and free will." *Mincy v. Arizona*, 437

U.S. 385, 398 (1978).

The defendant's reliance on *Miller v. Dugger*, 838 F.2d 1530, 1537-38 (11th Cir. 1998) is misplaced (DE 32:¶15).  The Court held that there was no police overreaching despite Miller's comments that he was "mentally disturbed," and that they did not exploit this weakness with coercive tactics.  *Miller*, 838 F.2d at 1537.  The admission of the statement was ruled improper by the 11th Circuit only because the trial court did not give Miller's counsel an opportunity to argue the *Miranda* warnings were invalid because of the issue of sanity in that particular case.  *Id* at 1538 - 1543.  Moreover, when the defendant quotes the Supreme Court's holding that a defendant's statements need to be the "product of a rational intellect and free will," *Mincy,* 437 U.S. at 398, the facts of that case are disparate from Defendant Brian Sigouin's.  Defendant Mincy "wanted *not* to answer Detective Hust. But Mincy was weakened by pain and shock, isolated from family, friends, and legal counsel, and barely conscious, and his will was simply overborne" having been seriously injured a few hours earlier and was almost in a coma upon his arrival at the hospital.  *Id.* at 398, 401–02.  The law is correct in both *Miller and Mincy*, but the facts do not apply to Defendant Brian Sigouin.  In fact, he does not offer a single Eleventh Circuit opinion that would give this Court precedent for suppressing his statements in this case.

Under these circumstances, it cannot be said that Defendant Brian Sigouin's waiver of his *Miranda* rights – even if he was experiencing some pain – was anything but knowing, intelligent and voluntary.  "Although a defendant's impaired mental state (whether drug induced or otherwise) may prevent that person from understanding the nature of his or her waiver, … this is not the case here." *Barbour*, 70 F.3d at 585 citing *Coleman v. Singletary,* 30 F.3d 1420, 1426 (11th Cir.1994).

In the absence of police overreaching, no other conclusion can be reached but that the defendant's waiver of his *Miranda* rights (and his subsequent confession) was voluntarily made.

*See Colorado v. Connelly*, 479 U.S. 157, 170 (1986).  There is nothing in the recorded interviews or otherwise that even remotely suggests that the FBI overreached during their interview of the defendant.  Accordingly, since the defendant was given his *Miranda* warnings prior to questioning and a valid waiver of those rights was obtained, the defendant's statements should be admissible at trial. *See Missouri v. Seibert*, 542 U.S. 600, 608–09, 124 S. Ct. 2601, 2608, 159 L. Ed. 2d 643 (2004).

## CONCLUSION

The defendant's motion to suppress his statements should be denied.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY:   *s/Gregory Schiller*
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0648477
500 S. Australian Ave.,
West Palm Beach, FL 33401
(561) 209-1045
Gregory.Schiller@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing were filed with the Clerk of Court through the CMECF system and thus noticed to all parties attached thereto on December 2, 2019.

BY:  *s/Gregory Schiller*
Gregory schiller
Assistant United States Attorney