**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-CR-80136-RLR

**UNITED STATES OF AMERICA**

vs.

**BRIAN MATTHEW SIGOUIN,**

        **Defendant.**
_____/

**PLEA AGREEMENT**

    The United States Attorney's Office for the Southern District of Florida and Brian Matthew Sigouin (hereinafter referred to as the "defendant") enter into the following agreement:

    1.    The defendant agrees to plead guilty to all counts of the Indictment, which charge the defendant with, as to Count 1, receipt of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1), and as to Counts 2 - 4, possession of child pornography involving a prepubescent minor or a minor who has not attained the age of twelve, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2). The defendant agrees that he is, in fact, guilty of this offense.

    2.    The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.

3. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that as to Count 1, the Court must impose a minimum term of imprisonment of five (5) years, and may impose a maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of five (5) years' to life. As to Counts 2-4, the defendant understands and acknowledges that the Court may impose a maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of five (5) years' to life. In addition to a term of imprisonment and supervised release, the Court may impose as to all counts, a fine of up to $250,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to 18 U.S.C. Section 3013, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that this special assessment shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The defendant understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to 18 U.S.C. §§ 2259 and 2259A, the Court shall order the defendant to pay restitution because he is pleading guilty to an offense under Chapter 110. The parties agree that any restitution ordered by the Court under 18 U.S.C. §§ 2259 and 2259A, shall include defendant's total offense conduct. The parties agree that the defendant will only be ordered to pay restitution to victims who have been identified and who also request such restitution.

7. The parties further understand and acknowledge that the amount of restitution the defendant will be ordered to pay will be calculated pursuant to 18 U.S.C. §§ 2259 and 2259A. Specifically, the Court will first determine the full amount of each victim's losses that were incurred, or are reasonably projected to be incurred by the victim, as a result of the trafficking of child pornography depicting the victim. The parties understand and acknowledge that, once the full amount of the victim's losses is determined, the Court will then order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. The parties further understand and acknowledge that any individual victim's total aggregate recovery shall not exceed the full amount of that victim's demonstrated losses.

8. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to Title 18, United States Code, Section 3014, a special assessment in the amount of $5,000 will be imposed on the defendant because he is pleading guilty to an offense under Chapter 110, unless the defendant is found to be indigent. The defendant agrees that this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation

related to victim-compensation arising from the criminal conviction or this plea agreement, upon which this special assessment is based.

9. The defendant knowingly and voluntarily admits that the following personal property was used, or intended to be used, to commit or to promote the commission of the offense to which he agrees to plead guilty herein, and contains visual depictions described in Title 18, United States Code, Section 2252(a)(4)(B)(i):

    a. one (1) ASUS Laptop, SN# EBNOWU22093047D

    b. one (1) Black San Disk 256 GB USB Drive

    c. one (1) Seagate Hard Drive, SN# 2GE12EA1

(hereinafter collectively, the "Property").

10. Additionally, the defendant knowingly and voluntarily agrees that the Property is subject to criminal forfeiture pursuant to Title 18, United States Code, Section 2253.

11. The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between the Property and offense to which he agrees to plead guilty herein. Furthermore, the defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the United States in seeking forfeiture of the Property.

12. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture of the Property:

    (a) All constitutional, legal, and equitable defenses to such forfeiture;

    (b) Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

    (c) Any claim or defense to such forfeiture brought or raised under the Eighth

Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

   (d) Any right he may have to an appeal of any resulting order of forfeiture regarding the Property.

13. The defendant knowingly and voluntarily agrees and understands that the forfeiture of the Property agreed upon herein shall <u>not</u> be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture.

14. In this case, the defendant filed four (4) motions to suppress evidence (*see* DE 20, 21, 22, 32). Evidence, testimony and arguments were presented on those motions (*see* DE 42, 44) all of which where denied (*see* DE 46). The District Court adopted the R&R (*see* DE 54). The defendant has knowingly forgone the filing of objections to the R&R. Further, this plea agreement does not permit the defendant to reserve right to have the denials of the motion to suppress reviewed by an appellate court pursuant to Fed.R.Crim.Pro. 11(2).

15. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison, as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible

federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida following release from prison, the defendant will be subject to the registration requirements of Fla. Stat. § 943.0435. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

16. As a condition of supervised release, the defendant shall register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

17. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 1/2/20    By: _____
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

Date: 1/2/20    By: _____
KEVIN J. KULIK
ATTORNEY FOR THE DEFENDANT

Date: 1/2/20    By: _____
BRIAN MATTHEW SIGOUIN
DEFENDANT