**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: **9:19-cr-80136-RLR**

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

BRIAN SIGOUIN,

    Defendant.

_____

**DEFENDANT BRIAN SIGOUIN'S PSR OBJECTIONS AND SENTENCING MEMORANDUM**

**COMES NOW** the Defendant, Brian Sigouin, by and through undersigned counsel, and respectfully submits the following objections to the Pre-Sentence Investigation Report and Sentencing Memorandum. In support, the Defendant states the following:

1. <u>Objection to PSR, paragraph #43</u>:   At the age of 20, the Defendant received a withheld adjudication with fines and costs assessed for two misdemeanor charges in County Court in West Palm Beach.   The Defendant respectfully submits that no points should be added because the Defendant received a "withheld" of adjudication.   Section 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial or plea of nolo contendere for conduct not part of the instant offense."   Therefore, the offense in this paragraph does not constitute a "prior sentence."   Combined with the objection in the next paragraph, this objection would reduce the sentencing calculation by reducing the Defendant to Criminal History Category I, a difference of 16-20 months in federal prison<u>.</u>

2. <u>Objection to PSR, paragraph #45</u>: The PSR appears to add two criminal history points for one count of misdemeanor DUI. It should be one point.

3. <u>Objection to PSR, paragraph #26</u>: The Defendant has now supplied his acceptance of responsibility statement. Combined with his cooperation with the authorities and his waiver of objection and appeal for all four of his motions to suppress evidence, the Defendant is requesting a reduction of three points towards his Total Offense Level.

4. <u>Objection to PSR Paragraph #33</u>: The Defendant objects to the computer enhancement. Since all offenses of this type now involve a computer, this enhancement is no longer relevant. It also constitutes double counting.

5. The above adjustments would result in a guideline imprisonment range of 78-97 months.

## SENTENCING MEMORANDUM

The sentencing guidelines are no longer mandatory, pursuant to <u>United States vs. Booker</u>, 125 S. Ct 785 (2005). In the 11th Circuit, the guidelines do not even carry a presumption of reasonableness. <u>United States vs. Hunt</u>, 459 F.3d 1180 (11th Cir. 2006).

In the present case, the following factors support a downward departure or variance: (a) Under 4A1.3(b)(1), reliable information, such as the type of criminal offenses and surrounding circumstances, indicates the Defendant's Criminal History Category substantially over represents the seriousness of the Defendant's criminal history or the likelihood that the Defendant will commit other crimes.

(b) The Defendant, at the scene of the execution of the search warrant, provided law enforcement with the means to enter a safe, which he knew and stated at that time would lead to

the discovery of most of the incriminating evidence to be used against him.

(c) The Defendant waived his right to object to and appeal adverse rulings on all of his motions to suppress. He did this in an effort to further show the Court his acceptance of responsibility.

(d) The Defendant has agreed to all forfeitures suggested by the Government.

(e) The Defendant does not intend to object to restitution and expects to reach an agreement regarding restitution with the Government forthwith.

(f) The Defendant, in addition to federal statutes, will register under Florida State Law as a sex offender. These are very strict rules which, ultimately, are intended to reduce the risk of recidivism. State sanctions are not otherwise contemplated by the federal guidelines.

(g) The Defendant has never harmed or sexually abused a child. He stated upon arrest, "I would not be able to live with myself if I had even harmed a child."

(h) The Defendant presents a low risk of harm to the community and a low risk of recidivism.

(i) The Defendant suffers a myriad of physical and mental health problems, which require continuing treatment: Klinefelter Syndrome, PTSD, ADD, ADHD, Dyslexia and pain from spinal cord surgery.

(j) The Defendant is 33 years old and capable of rehabilitation.

Based upon these factors, the Defendant respectfully requests this Honorable Court grant a downward departure and a downward variance.

    Respectfully submitted,

    /s/*Kevin J. Kulik*____
    Kevin J. Kulik

                                                    Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 21, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                      **KEVIN J. KULIK, P.A.**
                                      Attorney for Defendant
                                      500 SW 3rd Avenue
                                      Fort Lauderdale, Florida 33315
                                      Telephone: (954) 761-9411
                                      Facsimile: (954) 767-4750
                                      By:*/s/Kevin J. Kulik*
                                      Kevin J. Kulik
                                      Florida Bar No.475841