UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>19-CR-80136-ROSENBERG</u>

UNITED STATES OF AMERICA,

v.

BRIAN MATTHEW SIGOUIN,
        Defendant.
                              /

## STIPULATION REGARDING RESTITUTION

The United States of America, by and through the undersigned Assistant United States Attorney, and the defendant, Brian Matthew Sigouin, by and through his counsel, Kevin Kulik, hereby jointly recommend that this Honorable Court enter an order of restitution for the defendant, Brian Matthew Sigouin in the total amount of $36,000 (USD), to pay an apportioned amount of restitution to the victims in this case.

The parties stipulate that pursuant to the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 (VAWA), codified in Title 18, United States Code§ 2259, that the minors from the **"2CrazyGurls," "Jenny," "Lighthouse," "Marineland1," and "Vicky"** series, are each victims harmed by the defendant's offense conduct in this case and agree that the defendant, Brian Matthew Sigouin, is to be held liable for restitution to and based on the stipulations of the parties.

The parties stipulate that the defendant should pay an apportioned amount of restitution in the following amounts:

        **$10,000 for victim "Chelsea" of the "2crazygurls" series;**
        **$5,000 for victim "Jenny" of the "Jenny" series;**
        **$3,000 for victim "Maureen" of the "Lighthouse" series;**
        **$15,000 for victim "Sarah" of the "Marineland1" series;**
        **$3,000 for victim "Lily" of the "Vicky" series;**

The parties agree that the mandatory restitution section of the Violence Against Women Act of 1994 ("VAWA") codified at Title 18, United States Code, Section 2259, requires the Court to impose restitution for any offense under Chapter 110.

The parties agree that the offenses for which the defendant was convicted, namely Possession of Material Containing Visual Depictions of Sexual Exploitation of Minors (including those under age of 12), in violation of Title 18, United States Code, Sections 2252(a)(4)(B) & (b)(2); and Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2), are offenses codified in Chapter 110 and are offenses that are subject to the Mandatory Restitution for Sex Crimes section of the VAWA, under Title 18, United States Code § 2259.

Furthermore, Title 18, United States Code, section 2259(c) defines a "victim" as an individual "harmed as a result of a commission of a crime" under Chapter 110, including a victim who is under eighteen (18) years of age, incompetent, incapacitated or deceased, the legal guardian of the victim or representative of the victim's estates.

Restitution, pursuant to Title 18, United States Code, Section 2259, is available to victims who are harmed as a proximate result of a Chapter 110 offense.

Defendants convicted of Chapter 110 offenses must compensate for the full amount of the victim's losses, including:

    (A)    Medical services relating to physical, psychiatric, or psychological care;
    (B)    physical and occupational therapy or rehabilitation
    (C)    necessary transportation, temporary housing, and child care expenses;
    (D)    lost income;
    (E)    attorney's fees, as well as other costs incurred; and
    (F)    any other losses suffered by the victim a proximate result of the offense.

18 U.S.C. §2259(b)(2).

Title 18, United States Code, Section 3664(h), which is incorporated by Title 18, United

States Code, Section 2259(b)(2), allows the court to apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

There is no dispute that the defendant possessed on his computer images of child pornography that depicted victims of the **"2CrazyGurls," "Jenny," "Lighthouse," "Marineland1," and "Vicky"** series being sexually abused.

There is no dispute that harm was caused to **"2CrazyGurls," "Jenny," "Lighthouse," "Marineland1," and "Vicky"** series by persons who possess, disseminate or share the images of **"2CrazyGurls," "Jenny," "Lighthouse," "Marineland1," and "Vicky"** series being sexually abused as a child. The parties agree that **"2CrazyGurls," "Jenny," "Lighthouse," "Marineland1," and "Vicky"** series knowledge that images of their individual abuse were being disseminated and possessed by others caused **"2CrazyGurls," "Jenny," "Lighthouse," "Marineland1," and "Vicky"** series to be re-victimized and has resulted in harm that is distinct from that suffered from the actual physical sexual abuse sustained as a child. Accordingly, the parties agree that **"2CrazyGurls," "Jenny," "Lighthouse," "Marineland1," and "Vicky"** series were harmed as a result of the criminal conduct engaged in by the defendant, Brian Matthew Sigouin.

There is no dispute that other individuals have been charged and convicted in multiple Districts with possessing, receiving, and/or disseminating child pornography wherein **"2CrazyGurls," "Jenny," "Lighthouse," "Marineland1," and "Vicky"** series are victims.

There is no dispute that the amounts of restitution recited herein reflect the respective victims' losses as proximately caused by the defendant Brian Matthew Sigouin.

The parties agree that the defendant, Brian Matthew Sigouin, is liable for a portion of that total loss caused to **"2CrazyGurls," "Jenny," "Lighthouse," "Marineland1," and "Vicky"** series. The defendant, Brian Matthew Sigouin, agrees to pay restitution, and the parties request

that the Court order restitution, in the following amounts:

> **$10,000 for victim "Chelsea" of the "2crazygurls" series;**
> **$5,000 for victim "Jenny" of the "Jenny" series;**
> **$3,000 for victim "Maureen" of the "Lighthouse" series;**
> **$15,000 for victim "Sarah" of the "Marineland1" series;**
> **$3,000 for victim "Lily" of the "Vicky" series;**

1. $10,000 for victim "Chelsea" of the "2crazygurls" series, made payable to his counsel, "Lenahan Law, P.L.L.C., F/B/O 2Crazygurls", and mailed to Lenahan Law, P.L.L.C., F/B/O 2Crazygurls, 2655 Villa Creek, Suite 222, Dallas, Texas 75234;

2. $5,000 for victim "Jenny" of the "Jenny" series, made payable to her counsel, "Marsh Law Firm PLLC in trust for Jenny" and sent to Marsh Law Firm PLLC, Attn: Jenny, PO Box 4668 #65135, New York, NY 10163-4668;

3. $3,000 for victim "Marueen" of the "Lighthouse" series, made payable to her counsel, "Deborah A. Bianco, in trust for Maureen" and sent to 14535 Bellevue-Redmond Rd., Suite 201, Bellevue, WA 98007;

4. $15,000 for victim "Sarah" of the "Marineland1" series, made payable to her counsel, "Carol L. Hepburn in trust for Sarah" and sent to 200 First Avenue West, Suite 550, Seattle, WA 98119;

5. $3,000 for victim "Lily" of the "Vicky" series, made payable to her counsel, "Carol L. Hepburn in trust for Lily" and sent to 200 First Avenue West, Suite 550, Seattle, WA 98119;

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 3/12/20    By: _____
                     GREGORY SCHILLER
                     ASSISTANT UNITED STATES ATTORNEY

Date: 3/12/20    By: _____
                     KEVIN KULIK
                     ATTORNEY FOR THE DEFENDANT

Date: 3/12/20    By: _____
                     BRIAN MATTHEW SIGOUIN
                     DEFENDANT